FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN - 5 2019

MITCHELL R. ELFERS
CLERK

Peter Strojnik
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**FOR THE NEW MEXICO DISTRICT**

Peter Strojnik

Plaintiff,

vs.

Heritage Hotels and Resorts, Inc dba Hotel Chaco

Defendant.

**COMPLAINT**

**No.:** 19 CV 515 JFR|LF

1. **Americans with Disabilities Act**
2. **Negligence and/or negligence per se**

## COMPLAINT

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADAAG"), and (2) common law of negligence and/or negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA.
3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and arthritis and is therefore a member of a protected class under the ADA.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.
5. Plaintiff is retired and likes to spend his retirement years traveling the United States.
6. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 2000 Bellamah Ave., NW, Albuquerque, NM 87104which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A).

**JURISDICTION**

7. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.
8. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C. §12188 and 28 CFR §36.501.
9. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.
10. Venue is proper pursuant to 28 U.S.C. § 1391.
11. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.
12. Plaintiff has been denied equal access to Hotel's accommodations by failure of the Hotel to comply with 28 CFR §36.302(a) and (e) which provide, in relevant part:

> (a) *General.* A public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.
>
> ***

> (e) (1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

14. Plaintiff realleges all allegations heretofore set forth.

15. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

16. Plaintiff intended to visit Albuquerque and therefore, reviewed vacation booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

17. Plaintiff consulted booking websites and noted that the booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to

assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Plaintiff also personally reviewed the condition of Defendant's compliance with ADAAG as advertised on Defendant's 3rd and 1st party booking advertisements and noted the deficiencies documented in Addendum A.

19. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

20. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

21. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel.

22. The removal of accessibility barriers listed above is readily achievable.

23. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E. Equitable nominal damages; and

F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**

Negligence and/or negligence per se

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

26. Defendant breached this duty.

27. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

28. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

29. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

30. Defendant's knowing and intentional persistence in discrimination against Plaintiff and similarly situated persons caused Plaintiff damage by preventing him from lodging at Defendant's Hotel.

31. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

32. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)
[3] 42 U.S.C. §12101(a)(5)

33. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

34. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

35. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

36. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

37. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

38. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

39. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

40. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future[7].

---

[4] 42 U.S.C. §12101(a)(6)

[5] 42 U.S.C. §12101(a)(7)

[6] 42 U.S.C. §12101(a)(8)

[7] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (NMCA 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187, 148 NM.*

41. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

42. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

43. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

44. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of negligence and/or negligence per se; and

B. For damages in an amount to be proven at trial; and

C. For punitive damages to be proven at trial; and

D. For such other and further relief as the Court may deem just and proper.

///

///

---

442, 237 P.3d 744 (NM 2010). *See also* Sanchez v. Clayton, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 3rd day of June 2019.

**PETER STROJNIK**

Plaintiff

## ADDENDUM A

### 3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION

www.hotels.com

**Hotel Chaco**

Loved by guests

2000 Bellamah Avenue Northwest, Albuquerque, NM, 87104, United States, 888-573-4235



4-star

Albuquerque

- 1.0 mile to City center
- 4.5 miles to Albuquerque International Sunport (ABQ)

Collect nights

**Exceptional 9.6**

236 Hotels.com guest reviews

350 reviews

**Main amenities**

- 118 smoke-free guestrooms
- Restaurant
- Outdoor pool
- Fitness center
- Business center
- 24-hour front desk
- Air conditioning
- Daily housekeeping
- Concierge services
- Free WiFi

**At a glance**

**Key facts**

**Hotel size**

- This hotel has 118 rooms

**Arriving/leaving**

97% of customers were happy with check-in

- Check-in time starts at 4 PM
- Check-out time is noon

**Required at check-in**

- Credit card or cash deposit required
- Government-issued photo ID required
- Minimum check-in age is 21

## In the hotel

| | |
|---|---|
| **Food and drink** | Restaurant \| Room service (during limited hours) |
| **Things to do** | Outdoor pool \| Fitness facilities \| Spa tub \| Yoga classes/instruction on site |
| **Working away** | Business center |
| **Services** | 24-hour front desk \| Concierge services |

## In the room

| | |
|---|---|
| **Home comforts** | Air conditioning \| Bathrobes |
| **Sleep well** | Turndown service \| Premium bedding |
| **Freshen up** | Private bathroom \| Rainfall showerhead \| Shower only \| Free toiletries \| Hair dryer |
| **Be entertained** | Flat-screen TV \| Cable TV channels |
| **Stay connected** | Desk \| Free WiFi |
| **Food and drink** | Refrigerator \| Free bottled water |
| **More** | Daily housekeeping \| In-room safe (laptop compatible) |

## Special features

### Dining

**Equinox Cafe and Bar - Onsite lobby lounge.**

## Hotel Chaco, Albuquerque's small print

**Also known as**

- Hotel Chaco Albuquerque
- Chaco Albuquerque

**Policies**

Pet-friendly rooms can be requested by contacting the property at the number on the booking confirmation.

**Mandatory fees**

You'll be asked to pay the following charges at check in or check out:

- Resort fee: USD 30.0 per accommodation, per night

Resort fee inclusions:

- Pool access
- Spa tub access
- Fitness center access
- Fitness/yoga classes
- Business center/computer access
- Internet access (may be limited)
- Newspaper
- In-room safe
- In-room coffee
- In-room bottled water
- Concierge/valet service
- Valet parking
- Parking

See less

Inclusions may be listed elsewhere on the page as free or for a surcharge.

**Optional extras**

Pets are allowed for an extra charge of USD 50.00 per pet, per stay

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail

to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**3RD PARTY BOOKING WEBSITE – ROOM DESCRIPTIONS**

**Classic Room, 1 King Bed**

**Sleeps 2 people** (including up to 1 child)

**Bed choices**

- 1 King Bed

More Info: 866-539-8117

**1 King Bed**
**Internet** - Free WiFi
**Entertainment** - Flat-screen TV with cable channels
**Food & Drink** - Refrigerator, room service, and free bottled water
**Sleep** - Premium bedding and turndown service
**Bathroom** - Private bathroom, bathrobes, and a shower with a rainfall showerhead
**Practical** - Laptop-compatible safe and desk
**Comfort** - Air conditioning and daily housekeeping
Non-Smoking

**Room Details**

- Air conditioning
- Bathrobes
- Cable TV service
- Daily housekeeping
- Desk
- Flat-panel TV
- Free bottled water
- Free toiletries
- Free WiFi
- Hair dryer
- In-room safe (laptop compatible)
- Number of bathrooms - 1
- Premium bedding
- Private bathroom
- Rainfall showerhead
- Refrigerator
- Room service (limited hours)
- Shower only
- Turndown service

**Classic Room, 1 King Bed, Balcony**

**Sleeps 2 people** (including up to 1 child)

**Bed choices**

- 1 King Bed

More Info: 866-539-8117

**1 King Bed**
**Internet** - Free WiFi
**Entertainment** - Flat-screen TV with cable channels
**Food & Drink** - Refrigerator, room service, and free bottled water
**Sleep** - Premium bedding and turndown service
**Bathroom** - Private bathroom, bathrobes, and a shower with a rainfall showerhead
**Practical** - Laptop-compatible safe and desk
**Comfort** - Air conditioning and daily housekeeping
Non-Smoking

**Room Details**

- Air conditioning
- Bathrobes
- Cable TV service
- Daily housekeeping
- Desk
- Flat-panel TV
- Free bottled water
- Free toiletries
- Free WiFi
- Hair dryer
- In-room safe (laptop compatible)
- Number of bathrooms - 1
- Premium bedding
- Private bathroom
- Rainfall showerhead
- Refrigerator
- Room service (limited hours)
- Shower only
- Turndown service

**Deluxe Room, 1 King Bed**

Sleeps 4 people (including up to 3 children)

**Bed choices**

- 1 King Bed

More info: 886-539-8117

**1 King Bed**
**Internet** - Free WiFi
**Entertainment** - Flat-screen TV with cable channels
**Food & Drink** - Refrigerator, room service, and free bottled water
**Sleep** - Premium bedding and turndown service
**Bathroom** - Private bathroom, bathrobes, and a shower with a rainfall showerhead
**Practical** - Laptop-compatible safe and desk
**Comfort** - Air conditioning and daily housekeeping
Non-Smoking

**Room Details**

- Air conditioning
- Bathrobes
- Cable TV service
- Daily housekeeping
- Desk
- Flat-panel TV
- Free bottled water
- Free toiletries
- Free WiFi
- Hair dryer
- In-room safe (laptop compatible)
- Number of bathrooms - 1
- Premium bedding
- Private bathroom
- Rainfall showerhead
- Refrigerator
- Room service (limited hours)
- Shower only
- Turndown service

**Classic Room, 2 Queen Beds, Balcony**

Sleeps 4 people (including up to 3 children)

**Bed choices**

- 2 Queen Beds

More info: 886-539-8117

**2 Queen Beds**
**Internet** - Free WiFi
**Entertainment** - Flat-screen TV with cable channels
**Food & Drink** - Refrigerator, room service, and free bottled water
**Sleep** - Premium bedding and turndown service
**Bathroom** - Private bathroom, bathrobes, and a shower with a rainfall showerhead
**Practical** - Laptop-compatible safe and desk
**Comfort** - Air conditioning and daily housekeeping
Non-Smoking

**Room Details**

- Air conditioning
- Bathrobes
- Cable TV service
- Daily housekeeping
- Desk
- Flat-panel TV
- Free bottled water
- Free toiletries
- Free WiFi
- Hair dryer
- In-room safe (laptop compatible)
- Number of bathrooms - 1
- Premium bedding
- Private bathroom
- Rainfall showerhead
- Refrigerator
- Room service (limited hours)
- Shower only
- Turndown service

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms.

**3RD PARTY BOOKING WEBSITE – PHOTOS**




**No Marked Passenger Drop Off Zone**




**Inaccessible Pool – No Lift**

**1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION**

https://www.hotelchaco.com

**NO ACCESSIBILITY INFORMATION**

ACCESSIBILITY | SEARCH

**SEARCH**

Enter your keywords ACCESSIBILITY | SEARCH

**YOUR SEARCH YIELDED NO RESULTS**

- Check if your spelling is correct.
- Remove quotes around phrases to search for each word individually. *bike shed* will often show more results than *"bike shed"*.
- Consider loosening your query with *OR*. *bike OR shed* will often show more results than *bike shed*.

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**1ST PARTY BOOKING WEBSITE –ROOM DESCRIPTIONS**

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Insufficient description of dispersion of accessible rooms among various categories of rooms.

**3D PARTY PHOTOS**





**No Pool Lift – No Spa Lift**





**Inaccessible Bar**



**Inacessible Bathroom**



**Inaccessible Shower Stall**



**Inaccessibe Vending**



**Inaccessible Bar**

**END**




Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 05 2019
MITCHELL R. ELFERS
CLERK

US District Court Clerk's Office
District of New Mexico
Pete V. Domenici U.S. Courthouse
333 Lomas Blvd NW, Suite 270
Albuquerque, NM 87102